UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO: 20-46 |
| ANIBAL LEONEL LOPEZ-DIAZ | SECTION: "J"(4) |

## ORDER & REASONS

Before *Motion to Reconsider Detention and Release from Custody* **(Rec. Doc. 26)**, filed by Defendant, Anibal Leonel Lopez-Diaz ("Defendant"), and an opposition thereto (Rec. Doc. 31) by the United States of America ("Government"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On March 3, 2020, Defendant was charged in a criminal complaint with reentry of a previously removed alien in violation of 8 U.S.C. § 1326(a). (Rec. Doc. 1). Defendant's status was discovered after he was arrested in Terrebonne Parish for driving while intoxicated. *Id.* Although Defendant now says he is citizen of Guatemala, when he was first removed from the United States in 2007, he claimed to be a Mexican national named Alfredo-Velasquez Diaz. On March 13, 2020, defendant was charged in a one-count indictment with reentry of a deported alien previously convicted of a felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).

On March 19, 2020, the Court entered an Order of Detention as to Defendant, finding that there existed both (1) clear and convincing evidence that no condition or

combination of conditions of release will reasonably assure the safety of any other person and the community, and (2) a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. (Rec. Doc. 18); *see* 18 U.S.C. § 3142(f)(B). Specifically, the Court noted (a) the strong weight of evidence against Defendant, (b) the lengthy period of incarceration Defendant is subject to, (c) Defendant's prior criminal history, (d) Defendant's history of alcohol abuse, (e) Defendant's lack of legal status in the United States, (f) Defendant's prior attempts to evade law enforcement, and (g) Defendant's use of aliases. *Id.*

Defendant argues in the present motion that his detention should be reconsidered in light of the Covid-19 epidemic and newly presented information concerning his personal life and character. Defendant is being detained at St. Tammany Parish Jail, where it is undisputed that at least one inmate has tested positive for Covid-19.

## DISCUSSION

### I.   Defendant's Newly Presented Personal Information is Insufficient to Warrant Reconsideration of Detention

In order to successfully reopen a detention hearing, a defendant must establish "new" and "material" evidence. *See* 18 U.S.C. § 3142(f)(2)(B); *see also United States v. Sanmiguel*, No. 3:19-CR-630-B, 2020 WL 3036636, at *1 (N.D. Tex. June 5, 2020) (citing *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010). "New" evidence must consist of information unavailable at the initial detention hearing

showing "truly changed circumstances." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564 at *3 (N.D. Ohio, Dec. 18, 2009).

Here, Defendant lists family members, employers, religious leaders, and friends that will testify positively on his behalf if his detention hearing is reopened. Courts have routinely denied motions to reopen detention hearings based on proffered testimony of friends and family that could have been offered during the initial hearing. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989); *United States v. Stanford,* 341 F. App'x. 979, 984 (5th Cir. 2009); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir.1991); *Jerdine,* 4906564 at *3.

Defendant argues the existence of this testimony is "new" information because "at the time of the hearing [Defendant] was not represented by undersigned counsel." (Rec. Doc. 26 at 2). A change in counsel does not alter the determination of whether information was available to Defendant at the time of his detention hearing. It cannot be said that at the time of his detention hearing Defendant himself was unaware of the existence of his proffered potential witnesses and the positive endorsements they would allegedly give him. Thus, the Court finds that Defendant has not presented new information such as to warrant a reconsideration of his custody under 18 U.S.C. § 3142(f)(2)(B).

In the alternative, even if the Court were to consider the proffered testimony of Defendant's various community contacts to be "new" information, the testimony is not material because it would not change the Court's determination that, due to his

high risk of flight, there is no condition or combination of conditions that will ensure the Defendant's appearance before the Court if released from custody.

The Court recognizes that Defendant's newly proffered testimony may very well prove he has many redeeming qualities, but none of it is sufficient to materially alter the Court's findings made at the initial detention hearing. (Rec. Doc. 18). Reinterpreting the Court's earlier findings in light of Defendant's argument that his "new" information materially changes the Court's calculus under 18 U.S.C. § 3142(g), the Court now finds that (1) the weight of the evidence against Defendant remains the same, (2) the potential period of incarceration remains the same, (3) Defendant's criminal history remains the same, (4) Defendant's substance abuse remains the same, (5) Defendant's lack of legal status within the United States remains the same, (6) Defendant's prior attempts to evade law enforcement remain uncontested, and (7) Defendant's prior use of aliases and false statements remain uncontested.

It is possible that Defendant's testimony would alter the Court's finding that the Government proved by clear and convincing evidence that, if released, Defendant would prove a danger to the community. Nevertheless, detention would still be appropriate if the Court finds, by a preponderance of the evidence, that Defendant poses a risk of flight. *See United States v. Simpkins*, 2019 WL 6525787, at * 1 (D.D.C. Dec. 3, 2019) *(quoting United States v. Salerno*, 481 U.S. 739, 755 (1987)). Here, the weight of evidence against Defendant, his lack of legal status, and, most importantly, his repeated prior use of aliases and false statements, evince a defendant not susceptible to court supervision. *See United States v. Brito*, 20 Cr. 63 (PGG), 2020 WL

2521458 at *4 (S.D. NY May 18, 2020) (denying bail at initial detention hearing in because defendant "repeatedly used aliases" and "repeatedly returned to the United States.").

## II. Covid-19 Does Not Constitute a Compelling Reason for Temporary Release Under 18 U.S.C. § 3142(i)

A district court may grant a pre-trial detainee temporary release to the extent the court finds it necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Defendant argues that he should be released both because Covid-19 impairs his ability to prepare his defense and because it poses a compelling reason on its own.

Defendant asserts that release in necessary for preparation of his defense because St. Tammany Parish Jail "does not provide for confidential, in-person visits with inmates." (Rec. Doc. 26 at 8-9). However, ""[n]ot every restriction on counsel's time or investigate or to consult with [his or her] client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel." *United States v. Phillips*, No. 2:19-cr-0081 KJM, 2020 WL 2084808, *4 (E.D. Cal. April 30, 2020). Thus, the issue here is whether the inability to conduct confidential, in-person visits is sufficient in and of itself to necessitate Defendant's release.

A review of St. Tammany Parish Jail's visitation policies shows that during the Covid-19 pandemic the only types of visits allowed are Remote Video Visits and Professional Visits.[1] Professional Visits, which include visits between inmates and

---

[1] *See* https://www.stpso.com/divisions/corrections/visitation/ (last visited July 7, 2020).

lawyers, may be conducted either remotely or in-person. *Id*. Defendant has failed to show why these forms of communication with his counsel are insufficient to prepare his defense. Moreover, notwithstanding the existence of multiple avenues of communication between Defendant and his counsel, the Court's General Order 20-9, delaying all jury trials until October 5, 2020 lessens counsel's need to engage in intense active trial preparation for the time being. *See United States v. Croley*, 1:19-CR-0454 (TJM), 2020 WL 1696061 at *3 (N.D. N.Y. Apr. 6, 2020) (noting in denying a motion to reconsider detention that "both civil and criminal trials in the Northern District have been temporarily adjourned, and therefore the need of defense counsel to engage in active trial preparation has been lessened."). Furthermore, Defendant has failed to illustrate how he differs from any other inmate at St. Tammany Parish Jail regarding the necessity of release to prepare his defense. *See United States v. Williams*, No. 4:19-CR-000370-DCN, 2020 WL 2115431 at *4 (D. Idaho, May 1, 2020) ("[T]he motion has not articulated how Ms. Williams' release is necessary to prepare her defense that is different from any other inmate."). Preparation of a trial defense will almost always be more difficult if the defendant is detained, but that is not the standard. Rather, release must be necessary for defense preparation, not simply easier, for temporary release under 18 U.S.C. § 3142(i).

Defendant's final argument is that his risk of contracting Covid-19 while incarcerated constitutes a compelling reason justifying his release. Although courts can, and have, utilized their authority under Section 3142(i) to release defendants during this difficult time, defendants are required to show that they face a

"particularized and heightened danger." *Croley*, 2020 WL 2115431 at *3 (citing *United States v. Chandler*, 2020 WL 1528120, at *2 (S.D.N.Y. Mar. 31, 2020). "[A] generalized argument in favor of release because of the ongoing pandemic is insufficient." *Id.* A defendant can show he faces a particularized danger in one of two ways, either (1) provide evidence of medical conditions that place him at a high risk for Covid-19 complications, or (2) provide evidence of a severe outbreak and lack of reasonable precautions at the institution at which he is incarcerated.

Here, Defendant has provided evidence of neither. Beyond the aforementioned one positive Covid-19 case at St. Tammany Parish Jail, Defendant has presented no evidence of a widespread outbreak at the jail nor any evidence of flawed or insufficient precautions. Moreover, Defendant has failed to allege any medical conditions that may make him more susceptible to Covid-19 than the general population. Thus, the Court cannot say he is at a particularized or heightened risk for Covid-19 and as such Defendant has failed to meet his burden under Section 3142(i). *See United States v. Parker,* No. 2:20-cr-00033-TLN, at *3 (E.D. Cal. May 26, 2020).

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Reconsider Detention and Release from Custody* **(Rec. Doc. 26)**, filed by Defendant, Anibal Leonel Lopez-Diaz, is **DENIED**.

New Orleans, Louisiana, this 15th day of July.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE